## ANTHONY W. MORSE *vs.* JOSEPH L. DEWEY.

A judgment was recovered against *A. B.* and *C.* and an execution issued upon the judgment, was extended upon the land of B. In the execution the judgment was well described, but the sheriff was commanded, that of the goods, &c. of A. (omitting the names of B. and C.) he cause to be paid, &c.—held, that the execution was amendable, and that the land passed by the extent.

If the description of the land in an extent, be sufficient to ascertain the land intended, it will pass: although it do not agree to some particulars in the description.

THIS was a writ of entry, in which the demandant counted upon his own seizin of a tract of land in Hanover, and upon a disseizin by the tenant.

The cause was tried here at May term, 1825, upon the general issue ; when it was admitted, that one *Aaron Wright*, was once lawfully seized of the demanded premises, and that *Wright's* estate in the land had been conveyed to the deman-

dant, unless it had previously passed by virtue of an extent of an execution, as hereinafter stated.

The demanded premises were described in the writ as " lying on the road, leading from Dartmouth College to " White-river-falls bridge, and bounded as follows, beginning " two rods westerly from the north west corner of the *Parker* " *Smith* house lot, so called, thence running south 86 degrees " W. 17¾ rods ; thence N. 59 degrees W. 20½ rods ; thence " south 25 rods ; thence east 33 rods ; thence north 17 rods, " to the first mentioned bounds ; containing about four acres."

The tenant gave in evidence an execution, as follows :

" State of New-Hampshire. Grafton, ss. To the sher- " iff, &c.　　　　　　　　　　　　　　　　Greeting.

" Whereas, *John Wheelock*, &c. by the consideration of " our justices of our court of common pleas, holden at Ply- " mouth, &c. on the second Tuesday of September, A. D. " 1812, recovered judgment against *Jedediah Baldwin, Esq.* " *Aaron Wright*, tailor, and *Samuel H. G. Rowley*, trader, " all of, &c. for the sum of $2069 84, debt or damage, and " $19 80, costs of suit, as to us appears, &c. We command " you, therefore, that of the goods, &c. of the said *Baldwin*, " within your precinct, you cause to be paid, &c. unto the " said *Wheelock*, &c. the aforesaid sums, &c. and for want of " goods, chattels, or lands of the said *Baldwin*, to be by *them* " shewn, &c. we command you to take the body of the said " *Baldwin*, and *them* commit unto either of our goals, &c. " until *they* pay the full sums, &c. or that *they* be discharged, " &c. Hereof fail not, &c.

" Witness *E. B.*, Esq. at H. the 14th September, 1812.
　　　　　　　　　　　　　　　" S. P. W., *Clerk.*"

He then gave in evidence, an extent of the said execution, as follows :

" Grafton, ss. October 8, 1812. In virtue hereof, I have " attached the pieces and parcels of land hereafter mention- " ed, and have proceeded to cause this execution to be levi- " ed, as follows : I have caused three appraisers to be chos- " en, to wit : *Barna Tisdale*, chosen by the within named " *John*, the creditor, *James Poole*, chosen by myself, and " *Lemuel Davenport*, chosen by the within named *Aaron*

" *Wright* and *S. H. G. Rowley*, and the within named *Jede-*
" *diah Baldwin*, not being to be found, and not choosing any
" appraiser, I have appointed and chosen the said *Lemuel* for
" him, they, the said *Barna*, *James*, and *Lemuel*, reputable
" freeholders and residents in said county, to appraise and
" set off, according to law, such land and tenements, as shall
" be shewn them, as the estate of the within named debtors,
" or either of them, to satisfy this execution with my fees.
                                   " *Z. H.*, *Deputy sheriff.*"

" Grafton, ss. October 9, A. D, 1812.   Then *Barna Tis-*
" *dale, James Poole*, and *Lemuel Davenport*, above named, ap-
" peared and respectively made oath, that they would faith-
" fully, &c. appraise such land, &c. as should be shewn them,
" as the estate of the within named *Aaron*, *Samuel* and *Jede-*
" *diah*, to satisfy this execution, with the officer's fees ;
" before me,                   W. H. W., *Jus. Peace.*"

" We, the subscribers, appointed, &c. have appraised the
" following described parcels of land, lying in Hanover, &c.
" One other parcel, lying in said Hanover, on the road leading
" from the college to White river falls bridge, and bounded
" as follows, to wit : beginning two rods westerly from the
" northwest corner of the late Professor *Smith's* house lot,
" thence running S. 86° W. 17¾ rods, thence N. 59° W. 20½
" rods, thence S. 25 rods, thence E. 33 rods, thence N. 17
" rods to the first mentioned bound, excepting a small piece,
" seven rods by four, at the northeasterly corner of said par-
" cel, and on which the school house now stands ; said parcel
" containing about three acres and one hundred and thirty-
" two rods, which being shewn to us, as the property of the
" said *Aaron Wright*, we have appraised at the sum of $80."
     This was signed by the appraisers.

     It appeared in evidence, that there was on the road lead-
ing to the White river falls bridge, a lot called the *Parker
Smith* lot, and that a lot run out according to the courses and
distances in the return mentioned, and beginning at the corner
of *Parker Smith's* lot, would leave the school house on the
north east corner thereof ; and it also appeared, that a lot,
run out in the same manner, beginning at the corner of Pro-
fessor *Smith's* land, which lies directly south of, and adjoining

*Parker Smith's* lot, would not touch the said White river falls bridge road, nor leave the school house thereon. The tenant claimed under said extent. A verdict was taken for the tenant, by consent, subject to the opinion of the court, upon the foregoing case.

*Bell*, for the plaintiff.

*Hadduck* and *W. Smith*, for the defendant.

RICHARDSON, C. J. It is said, that nothing passed by the extent, in this case ; because the execution did not run against the estate of *Wright*, upon whose land it was extended. But it appears, on the face of the execution, that there was a joint judgment against *Wright* and the two others ; and it appears from the officer's return, that *Wright* considered the execution as running against his estate ; for he actually chose an appraiser. It is also clear, that the judgment, being joint against several, who were living, no several execution could legally issue against one. The omission of the names of two of the debtors, in the latter part of the execution, was evidently a mistake of the clerk. This seems to us to be an instance, where the court may, notwithstanding the defect, rightly understand and intend, both the person and the cause ; and we cannot hold the extent invalid on this account. 1 *N. H. Laws* 99.—2 *N. H. Rep.* 322, *Hoit vs. Molony.*—1 *Cowen* 413, *Porter vs. Goodman.*—1 *Pickering* 354 *and* 461.—6 *D. & E.* 526.

It is further said, that it does not appear from the officer's return, that the extent was made upon the land demanded in this writ. But it is a rule of law, that if the description be sufficient to ascertain the estate intended to be conveyed, although the estate will not agree to some of the particulars in the description, yet it shall pass by the conveyance. 4 *Mass. Rep.* 205. And, in this case, the land intended is clearly ascertained by the road, by the courses and distances, and by the school house. And, although one of the monuments is wrongly described ; yet, as enough appears to shew the land intended, that circumstance cannot affect the validity of the extent.

*Judgment upon the verdict.*